ERICKSON ET AL. *v.* UNITED STATES AND UNITED STATES SPRUCE PRODUCTION COR-PORATION.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON.

No. 125. Argued February 20, 1924.—Decided March 3, 1924.

1. A suit brought by the United States in the assertion of a substantial claim is within the jurisdiction of the District Court under § 24 of the Judicial Code, whatever the decision on the merits. P. 249.

2. Where the United States joined with the United States Spruce Production Corporation (a federal war instrumentality, *cf. Clallam County* v. *United States,* 263 U. S. 341,) in an action on contracts made by the latter with the defendants, *held* that the case had the jurisdictional status of an action by the United States, irrespective of the merits of its claim, and that objection to the jurisdiction on the ground that the Corporation and one of

the defendants were citizens of the same State and the United States not a necessary or proper party, was rightly overruled. *Id.* Affirmed.

ERROR to a judgment of the District Court, to review only the question of jurisdiction, in an action on contracts.

*Mr. Corwin S. Shank,* with whom *Mr. Henry F. McClure* was on the brief, for plaintiffs in error.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck, Mr. W. Marvin Smith, Mr. Charles H. Carey* and *Mr. James B. Kerr* were on the brief, for defendants in error.

MR. JUSTICE McKENNA delivered the opinion of the Court.

Action by the United States and United States Spruce Production Corporation, praying judgment against C. J. Erickson in the sum of $56,679.35, and against the United States Fidelity and Guaranty Company in the sum of $56,679.35, the ground of recovery being alleged breaches of certain contracts entered into between the Spruce Corporation and Erickson for the sale of certain logs belonging to the Spruce Corporation.

There was a motion to strike out certain allegations of the complaint, and being overruled, the complaint was demurred to. The demurrer and the motion to strike out were upon the ground that it appeared upon the face of the complaint that the court had no jurisdiction of the subject matter of the action. The demurrer was overruled. An answer was then filed, and a reply thereto. In the answer there was also a denial of jurisdiction.

Upon the issues thus made a jury was impaneled to try, which rendered a verdict, fixing the recovery against Erickson at $45,710.70, and against the Fidelity and Guaranty Company in the sum of $20,000. For these sums judgment was entered.

Accompanying the writ of error is the certificate of the district judge that a question of jurisdiction arose in the case.    The certificate recited that on the motion to strike out and upon the demurrer the defendants raised the question of the jurisdiction of the court as a federal court to hear and determine the cause " and asserted that the United States of America was neither a necessary nor proper party to the said action," it being one " founded on contract between a corporation organized under the laws of the State of Washington on the one part and a citizen and resident of the State of Washington on the other part, the said court was without jurisdiction to hear and determine the same, but this court in consideration of the allegations and facts " of the complaint " was of the opinion that it had jurisdiction to hear and determine the case."

Even a summary of the facts of the certificate would be somewhat long.    Fortunately, we may dispense with it as the elemental facts are sufficiently set forth in *Clallam County* v. *United States,* 263 U. S. 341.

Reference to that case is satisfactory to plaintiffs in error, they conceding that the connection of the United States with the litigation can be completely and accurately stated in the language of the *Clallam Case* by adding the following quotation from the case:    " In short the Spruce Production Corporation was organized by the United States as an instrumentality for carrying on the war, all its property was conveyed to it by or bought with money coming from the United States and was used by it solely as means to that end, and when the war was over it stopped its work except so far as it found it necessary to go on in order to wind up its affairs.    When the winding up is accomplished there will be a loss, but whatever assets may be realized will go to the United States."

In addition, it is only necessary to say that the Spruce Production Corporation is a corporation of the State of Washington.    Erickson is a citizen of the State of Wash-

ington, and a resident of the Western District of the State, Northern Division.   The Fidelity and Guaranty Company is a corporation of the State of Maryland.

The matter in dispute exceeds $3,000, exclusive of interest and costs.   The United States joined as plaintiff to protect its asserted interests.

In connection with the petition for a writ of error, the errors assigned are based on the action of the District Court and noted in its certificate, and that the " court was without any jurisdiction whatsoever to enter any such judgment."

There is no question of the merits of the case or of the judgment.   In other words, the question of jurisdiction is alone before us for decision and, the letter of the complaint being regarded, there is no doubt of the jurisdiction of the Court, for the first subdivision of § 24 of the Judicial Code expressly gives the District Court jurisdiction of suits brought by the United States.   This is such a suit. The United States is one of the plaintiffs and joined in the suit by way of asserting and seeking to enforce a right in which it claims to have a direct and legal interest. Judged by the complaint, the claim made by the United States is not frivolous or wholly without support but is real and substantial.   In other words, it calls for consideration and determination.   This involves an exercise of jurisdiction, whether the ultimate decision sustains or rejects the claim.   Jurisdiction is power to decide the case either way, as the merits may require.   *The Fair* v. *Kohler Die Co.,* 228 U. S. 22, 25; *Geneva Furniture Co.* v. *Karpen & Bros.,* 238 U. S. 254, 258; *Louisville & Nashville R. R. Co.* v. *Rice,* 247 U. S. 201, 203; *Hart* v. *Keith Exchange,* 262 U. S. 271, 273.

That another party joins in the suit does not take from it its status as a suit brought by the United States.

It follows that the ruling of the District Court sustaining the jurisdiction must be, and it is

*Affirmed.*