BANKING COMMISSION, ON BEHALF OF CITIZENS STATE BANK OF WAUSAU, Respondent, vs. MARQUARDT and another, Appellants.

*April 3—April 30, 1935.*

For the appellants there was a brief by *Bird, Smith, Oko-neski & Puchner* of Wausau, and oral argument by *Claire B. Bird.*

For the respondent there was a brief by *Genrich & Genrich,* attorneys, and *Miles Lambert* of counsel, all of Wausau, and oral argument by *Fred W. Genrich.*

FAIRCHILD, J.    At the time of the death of August F. Marquardt, he owned ten shares of stock in the Citizens State Bank of Wausau, Wisconsin.   By his will he gave this bank stock, with all other property remaining after certain

legacies had been paid, to the appellants in trust with "power to grant, sell and convey any real estate of which I may die seized or in which I may have any interest. The income of such estate is to be paid to my wife, Augusta Marquardt, at stated intervals during her lifetime . . . upon her death . . . the residue shall be distributed as follows: . . . "
The quoted clause of the will is followed by several clauses disposing of certain property, and one reading as follows:

"Five of my ten shares of Citizens State Bank of Wausau stock, which I direct my executors to hold without sale, shall be transferred to my son Erwin Marquardt, and the other five, which shall be similarly held without sale, shall be transferred to my son Leo Marquardt."

Provision is then made for the division of the balance of the estate equally among his eleven children.

The widow, who is still alive and has not remarried, is the *cestui que trust* under the will, and the shares of bank stock are part of the trust estate. Circumstances in connection with the bank are such that the assessment for the double liability provided for by statute is due. Appellants contend that the trial court erred in holding that the trustees were owners of the bank stock, and that the property held by them under the trust was liable for the assessment. They insist that the property is segregated as to the rights of separate beneficiaries; that because the bank stock is designed ultimately to become the property of Leo and Erwin Marquardt, the other nine children have no interest in, and can acquire no benefit from, this stock. There is considerable persuasion toward this claim in their statement of the situation, but in the hands of the trustees where the property now is, there is no separation of this stock from the balance of the estate. The bank stock is given to the trustees for the identical purpose that the other property is placed in their control. The title remains in the trustees until the death or remarriage of the widow. Until one of these events occurs, the entire trust

estate is a whole, and subject to the liability we are concerned with here. The testator created the trust to keep the estate intact so that it might operate for the benefit of the *cestui*. When that purpose has been served, and not until then, does a division or segregation take place under which the rights of separate beneficiaries become effective. The testator withheld the right of sale of the bank stock during the life of the trust. The stock, other personal property, and real estate constitute the estate which has been set apart by the creator of the trust for a purpose supposed to be beneficial to the *cestui*. There is but a single indivisible trust of all the property. From all of it the widow is to have the income. The arrangement for the division after the termination of the trust does not create a specific trust in the bank stock or in any other property for any or either child. In this respect the facts here differ from those in the case of *Blackmore v. Woodward,* 71 Fed. 321, 18 C. C. A. 57, relied upon by the appellants. In that case, "the true test was held to be whether the shares were, by the terms of the will, to be regarded as separate from a general estate at the date of the call." The stock was there bequeathed directly to the wife together with other personal property. The court held that the will segregated the stock and effectively transferred it to the widow, and therefore the general assets of the estate against which the receiver of the bank sought judgment were not liable. The cases of *Jones v. Cronkleton,* 67 Fed. (2d) 17, and *Cronkleton v. Jones,* 67 Fed. (2d) 21, are not in conflict with the decision of the court below in this case. In the *Cronkleton Cases,* separate trusts were distinctly created under the provisions of the will.

Sec. 221.42, Stats., provides in part that "persons holding stock as . . . trustees . . . shall not be personally liable as stockholders, but the assets or funds in their hands constituting the trust shall be liable to the same extent as the testator,

. . . or person interested in such trust fund would be, if living, or competent to act. . . . "

It is contended by appellants that the fact that Leo and Erwin Marquardt have been designated in the will as the parties who may receive title to the bank stock after the death or remarriage of Augusta Marquardt makes them persons interested within the meaning of the statute. This contention cannot be sustained. The trust was created for the benefit of Augusta Marquardt. She is the *cestui que trust,* and receives the beneficial interest from all the property during her life so long as she does not remarry. In such a situation it is the duty of the trustees to conserve the assets of the estate for the benefit of the contingent beneficiaries under the will, and though the trustees may be personally liable for waste or fraud, the estate itself is subject to all liabilities arising out of the property so held in trust. At all times the ownership of the bank stock carried with it a possible liability. When the potential liability became a positive incumbrance, it attached itself to the resources of the owner. This is true although the ownership is in the trustees in their representative capacity. The liability now affects the entire estate held in trust for the benefit of Augusta Marquardt. Leo and Erwin Marquardt have no beneficial interest in the trust so long as their mother is alive and does not remarry. Their sole interest arises out of the distribution of the property according to the terms of the will after the termination of the trust estate. As the testator required the bank stock to be held, there can be no personal liability on the part of the trustees, and the estate held in trust for Augusta Marquardt is liable for the assessment.

The assignment of error based on the fact that two of the bank directors, after the liability which respondent seeks to enforce was declared due and payable, gave the bank their notes for the amount of the unpaid assessment, and the

assumption that this amounted to a voluntary payment cannot be sustained.  The facts clearly support the findings of the trial court that certain directors of the bank advanced the amount of the stock liability in order to facilitate the resumption of unrestricted operation of the bank.  This payment was made, however, upon an agreement that the bank would enforce the express liability arising on the stock held in the Marquardt trust, and would pay the amount so advanced out of collections to be made, and did not amount to an assignment of the claim.  The respondent is the proper plaintiff.  The suggestion that the agreement between the directors making the advance and the bank was illegal and contrary to public policy is also without substance.  It was an open and *bona fide* effort to strengthen the bank.  The trial court was therefore correct in holding that the respondent is the real party in interest, and is entitled to recover judgment as ordered.

*By the Court.*—Judgment affirmed.