**UNITED STATES et al. v. ARTHUR et al.**

District Court, S. D. New York.

June 9, 1937.

Lamar Hardy, U. S. Atty., of New York City, for the United States.

Monroe Goldwater and Norman B. Kuklin, both of New York City (James B. Alley, Gen. Counsel, of New York City, Harold Rosenwald, of Washington, D. C., and O. John Rogge, of Chicago, Ill., of counsel), for Reconstruction Finance Corporation.

Baar, Bennett & Fullen, of New York City (John P. Hurley, of New York City, of counsel), for defendants G. Reginald Schumann, William A. Tucker, George R. Schumann, Gerald E. Donovan, and J. Henry Schroder Banking Corporation.

Sullivan & Cromwell, of New York City (Inzer B. Wyatt, of New York City, of counsel), for defendant Clifton J. Haden.

CLANCY, District Judge.

This is a suit in equity brought by the plaintiffs, The United States of America and Reconstruction Finance Corporation, a creditor of Central Republic Trust Company, on behalf of the Reconstruction

538

Finance Corporation and all other creditors of the trust company against its stockholders to enforce the liability of such stockholders arising under § 6 of Article 11 of the Constitution of the State of Illinois, Smith-Hurd Stats.Const. art. 11, § 6. That section provides as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

■ Motions to dismiss the bill of complaint have been filed on behalf of certain stockholders. The defendant, Clifton J. Haden, moves to dismiss on the ground that no cause of action is stated against him since it is nowhere alleged in the bill of complaint that any liability of the bank to the plaintiffs was incurred on July 11, 1933, the date on which defendant, Haden, is alleged to have been a stockholder.

It has been decided by the Illinois Supreme Court that under the above quoted section of the Illinois Constitution the stockholders of an Illinois bank are liable only for those liabilities which were incurred by the bank while they were stockholders. Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273. The bill of complaint alleges that the liability of Central Republic Bank and Trust Company to the plaintiffs was incurred on June 27, 1932, June 29, 1932 and October 6, 1932. It is also alleged that the defendant, Haden, was a registered holder of 100 shares of the bank's stock on July 11, 1933 but not on the three dates when the bank's liability to the plaintiffs was incurred. The identical point was raised on a motion to dismiss the bill in a similar suit by the Reconstruction Finance Corporation brought on its own behalf and on behalf of other creditors in the District Court for the Northern District of Illinois, Eastern Division, against stockholders of the same bank. Judge Wilkerson held that since the bill alleged that there were creditors other than the plaintiff to whom the moving stockholder might be liable the bill of complaint was sufficient and that the defense should be made in the answer and not by motion to dismiss. Reconstruction Finance Corp. v. Central Republic Trust Co., D.C., 11 F.Supp. 976. I concur in this decision.

The defendants, G. Reginald Schumann, William A. Tucker, George R. Schumann and Gerald E. Donovan, individually and as copartners doing business under the firm name and style of Tucker & Company, and J. Henry Schroder Banking Corporation move to dismiss the bill on the following grounds: (1) As to the United States of America, on the ground that it is not a proper party plaintiff, (2) in so far as the bill alleges that G. Reginald Schumann is liable to the creditors of the bank because of his ownership of 608$^{110}$/$_{165}$ shares on July 25, 1931, on the ground that the statute of limitations is a complete bar, (3) that the bill of complaint fails to state a cause of action in equity, I will discuss these grounds seriatim.

■ (1) The bill of complaint alleges: "That this is a suit in equity of a civil nature brought by the United States of America and Reconstruction Finance Corporation; and the United States of America has a real, direct, substantial and exclusive interest in said suit, in that its co-plaintiff, Reconstruction Finance Corporation, ever since January 22, 1932, has been, and now is, a corporation of the United States of America, organized and existing by virtue of a law of the United States, to wit: 'Reconstruction Finance Corporation Act' (Act of January 22, 1932, Chap. 8, 47 Stat. at L. 5; which Act has been amended and supplemented by several subsequent Acts of the Congress of the United States [15 U.S.C.A. § 601 et seq.]); in that the United States of America has been at all times since the creation of said Reconstruction Finance Corporation, and is now, the owner of all the capital stock of said Reconstruction Finance Corporation; in that the entire capital stock of said Reconstruction Finance Corporation consists of money subscribed by the United States of America, and no corporation, firm, individual or person other than the United States of America has any right, title or interest in or to said Reconstruction Finance Corporation, its capital stock or the capital or assets thereof; in that under the provisions of said Reconstruction Finance Corporation Act, as amended and supplemented, all the notes, debentures, bonds and other obligations of said Reconstruction Finance Corporation issued and to be issued by said Reconstruction Finance Corporation are and shall be fully and unconditionally guaranteed both as to interest and principal by the United States

of America; in that said Reconstruction Finance Corporation is an agency, arm and instrumentality of the United States of America for the carrying out of the purposes and objects of the United States of America, as set forth in said Reconstruction Finance Corporation Act, as amended and supplemented, and has always been since its creation, and is now, engaged solely in carrying out the said purposes and objects; and in that upon the liquidation of said Reconstruction Finance Corporation the proceeds of such liquidation, after provision has been made for payment of all legal obligations of any kind and character of said Reconstruction Finance Corporation, shall be paid into the Treasury of the United States of America as miscellaneous receipts."

A reading of the Act creating the Reconstruction Finance Corporation, 15 U. S.C.A. § 601 et seq., leaves no doubt that the corporation is an agent and instrumentality of The United States. That The United States has a real, direct, substantial and exclusive interest in this suit and is a proper party plaintiff is equally clear. Erickson v. United States, 264 U.S. 246, 44 S.Ct. 310, 68 L.Ed. 661; Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328; Federal Land Bank of St. Louis v. Priddy, 295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1408; Reconstruction Finance Corp. v. Krauss, D.C., 12 F.Supp. 44; United States et al. v. Lewis, D.C., 10 F.Supp. 471.

█ (2) The bill of complaint alleges that the defendant G. Reginald Schumann owned 608$^{119}$⁄₁₆₅ shares of stock of the bank on July 25, 1931 and upon information and belief that a substantial amount of the unpaid liabilities of the bank accrued on that date. The paragraphs containing these allegations were added to the bill of complaint by order of this court dated December 17, 1935 at which time Schumann was made a party defendant in so far as his ownership of these shares of stock is concerned. Section 49 of the New York Civil Practice Act, which is the analogous statute of limitations which a court of equity would apply in this action, provides that an action against a stockholder of a moneyed corporation or banking association to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or statute, must be commenced within three years after the cause of action has accrued and that the cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created. The bill of complaint alleges that a substantial amount of the unpaid liabilities of the bank accrued on July 25, 1931. The statute of limitations commences to run, not from the date when the liability accrues, but from the date when the cause of action accrues. "Whether a cause of action has accrued depends upon whether the creditor could then maintain a suit." Golden v. Cervenka, supra, 116 N.E. page 278. The bill of complaint does not allege any facts showing on which date the right accrued to maintain an action on the liabilities which are alleged upon information and belief to have been incurred on July 25, 1931. This is a representative suit in which the plaintiffs sue on behalf of themselves and all other creditors of the bank and pray that this court ascertain, determine and declare who are the creditors of the bank, the amounts of their respective unpaid claims and when such claims respectively accrued. I believe that the allegations of the bill are sufficient in a suit of this character where the claims of creditors are to be determined upon the trial and that the defendant, Schumann, must await the trial to prove any defense which he may have on the ground that action against him is barred.

█ (3) The facts pleaded in the bill of complaint and the relief prayed for show that the interposition of a court of equity is proper and that complainants have no full and adequate remedy at law. Reconstruction Finance Corp. v. Central Republic Trust Co., supra; Brusselback v. Cago Corp., 2 Cir., 85 F.2d 20, certiorari denied in 299 U.S. 586, 57 S.Ct. 111, 81 L.Ed. 432; Alsop v. Conway, 6 Cir., 188 F. 568, certiorari denied in 223 U.S. 720, 32 S.Ct. 523, 56 L.Ed. 629.

Motion denied. The defendants will be given five days in which to answer the bill. Equity Rule 29, 28 U.S.C.A. following section 723.