**UNITED STATES et al. v. EARLING et al.**

**No. 4511.**

District Court, E. D. Wisconsin.

June 19, 1941.

Lee Walker, M. O. Hoel, and William S. Allen, all of Reconstruction Finance Corporation, all of Chicago, Ill., and B. J. Husting, U. S. Dist. Atty., and E. J. Koelzer, both of Milwaukee, Wis., for plaintiffs.

Miller, Mack & Fairchild, of Milwaukee, Wis., for defendants Church and others.

Bloodgood, Passmore & Kemper, of Milwaukee, Wis., for defendant First Wisconsin Trust Co. and another.

A. L. Nash (of Nash & Nash), of Manitowoc, Wis., for defendant Maritime Securities Co.

George A. Burns and Niven & Mullaney, all of Milwaukee, Wis., for defendant, Walter B. Braun.

George A. Burns, of Milwaukee, Wis., for defendant Arthur Sandner, deceased, ex'r of estate substituted.

Charles L. Goldberg, of Milwaukee, Wis., for defendant Henry Solomon.

Jeffris, Mouat, Oestreich, Wood & Cunningham, of Janesville, Wis., for defendants Robert Wieland and Leonard P. Eager.

John M. Campbell (of Bundy, Beach & Holland), of Eau Claire, Wis., for defendant Elinor Conover Owen.

A. F. Rankin (of Nash & Nash), of Manitowoc, Wis., for defendant Charles C. West.

DUFFY, District Judge.

This is a representative suit brought by the plaintiffs to enforce the payment of liability of certain stockholders of the Central Republic Trust Company, an Illinois banking association. Detailed statements of the facts upon which the action is based are set forth in reports of a similar action brought in the United States District Court for the Northern District of Illinois. Reconstruction Finance Corp. v. Central Republic Trust Co., 11 F.Supp. 976; Id., 17 F. Supp. 263; and Reconstruction Finance Corp. v. McCormick et al., 7 Cir., 102 F.2d 305, certiorari denied 308 U.S. 558, 60 S.Ct. 90, 84 L.Ed. 469.

Plaintiffs predicate their standing here upon a loan made in 1932 by the Reconstruction Finance Corporation (hereinafter called R.F.C.) to Central Republic Trust Company for $80,000,000. The earliest date when the R.F.C. became a creditor of the Trust Company was June 27, 1932. At the time when this action was commenced on December 21, 1934, large amounts of principal and interest of said loan remained unpaid. About ninety defendants residing in Wisconsin were designated in the original complaint filed herein. These defendants were either stockholders of the Central Republic Trust Company on June 27, 1932, or those who became stockholders at a later date. Other defendants were thereafter added by subsequent amendments to the complaint.

The alleged liability is based on Sec. 6 of Article 11 of the Illinois Constitution which reads: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

It appears that Central Republic Trust Company was organized on July 25, 1931, pursuant to a plan of reorganization which involved the Central Trust Company of Illinois and the National Bank of the Republic of Chicago. The amendments to the complaint largely concerned defendants who had been stockholders of the latter two banking concerns. Thirty-six defendants have filed motions to dismiss the complaint.[1] It is the determination of these motions which is now before the court.

## Motion to Dismiss Upon Behalf of Elinor C. Owen

In December, 1938, an amended complaint was filed herein alleging that Elinor C. Owen and certain other defendants therein named had been stockholders of the National Bank of the Republic of Chicago on July 25, 1931, and that they thereby became entitled to receive shares of the said Central Republic Trust Company, under a plan of reorganization, and thereafter received such shares. It is not alleged nor claimed that Mrs. Owen was a stockholder of the Central Republic Trust Company at the date when the liability to the R.F.C. was created. Plaintiffs contend, however, that they are entitled to bring a representative suit in behalf of all creditors, and allege upon information and belief that there were certain creditors of the Trust Company on July 25, 1931, whose claims are unpaid. No such creditors are mentioned by

---

[1] Of these thirty-six defendants, twenty are alleged to be the owners of Central Republic stock (four in the capacity of trustee); fourteen more are alleged to have become entitled to Central Republic stock because of their ownership of National Bank of the Republic stock; and the remaining two (one as a trustee) because of their ownership of Central Trust of Illinois stock.

name, nor is there any allegation as to the amount of any such claim. It may be very doubtful if any such creditor can be established, as at the time when plaintiffs herein filed their briefs, which was about seven years after the action was originally commenced, plaintiffs had no definite information on that subject.

Under Illinois law, Mrs. Owen, as a stockholder on July 25, 1931, is liable to unpaid creditors of the Trust Company whose claims accrued during the time she was the owner of the stock in the Trust Company. She is not liable to creditors whose claims accrued after she ceased to be a stockholder. The stockholder's liability under Illinois law is primary, several, and individual on the part of each stockholder to each creditor. It accrues at the time that the liability of the bank is incurred.

Counsel for Mrs. Owen earnestly contends that the R.F.C. should not be permitted to bring a representative action when under no circumstances could Mrs. Owen be liable to the R.F.C. It certainly is the general rule that the person who brings such an action must have an interest in the controversy, common with those for whom he sues. 47 C.J., p. 44. It is Mrs. Owen's contention that the R.F.C., having no claim which it could enforce against her, does not have a common interest with other creditors who might have a claim against her.

The complaint asks that this court determine and declare what persons within its jurisdiction were stockholders, commencing July 25, 1931; the duration of their respective periods of stock holdings; and the extent of the liabilities which they are called upon to pay; and asks further that the court require each of such stockholders to pay into court the full amount of their respective liabilities. There also is a prayer for a Receiver and other relief.

The point raised by Mrs. Owen's motion to dismiss was passed upon by Judge Wilkerson in his opinion in Reconstruction Finance Corp. v. Central Republic Trust Co., D.C., 11 F.Supp. 976. He states (page 985): "It is urged that the suit should be dismissed as to defendants holding stock on dates other than the dates of the accrual of the liabilities to plaintiff. It is alleged in the bill that there are creditors other than plaintiff. If the stockholders not liable to plaintiff are liable to other creditors, plaintiff has the right to have the claims of such creditors satisfied out of the liabilities of the stockholders not liable to plaintiff before they are permitted to share with plaintiff in that part of the fund realized from stockholders liable to it. If a stockholder is not liable to any creditor, the defense should be made in the answer and not by motion to dismiss."

This holding apparently has the approval of the Circuit Court of Appeals. Reconstruction Finance Corporation v. McCormick et al., 7 Cir., 102 F.2d 305.

If the fund to be collected will be distributed to creditors as indicated in the foregoing quotation from Judge Wilkerson's opinion, then the R.F.C. does have a real interest in the collecting of Mrs. Owen's stockholder's liability. Any creditors whose claims antedate the claim of the R.F.C. might have those claims satisfied or partially paid by money collected from Mrs. Owen, and those in like situation. To that extent the R.F.C. would be directly benefited.

On the motion to dismiss, we must assume the truth of the allegations in the complaint that at the time Mrs. Owen was a stockholder, there were creditors of the Trust Company whose claims remain unpaid. If such proof is not forthcoming at the trial, of course Mrs. Owen cannot be held. But assuming the truth of such allegation, as we must upon the motion to dismiss, the defense of Mrs. Owen must be presented by answer and upon the trial upon the merits.

## Motions Upon Behalf of First Wisconsin Trust Company, as Trustee

The complaint and amended complaint name the First Wisconsin Trust Company as defendant, under the designation of "trustee", three times under three separate trusts, namely, (1) co-trustee under agreement of May 9, 1932, with Inter State Post Graduate Medical Association of North America; (2) as co-trustee under agreement of June 2, 1921, known as the "Fitch Trust"; and (3) under the will of James C. Reynolds. The organization of trust company banks was provided for in Chapter 223, Wis.Stats. of 1931. Also Sec. 223.01, Wisconsin Statutes, provides that trust company banks are subject to the provisions, requirements, and liabilities of Chapter 221, Wisconsin Statutes, entitled "State Banks".

The public policy of this State with reference to the liability of stockholders

of banks excluded any purpose to make executors, administrators, guardians, or trustees liable except to the extent of the funds in their hands. The 1931 Statutes contained the following provisions: "221.42 * * * But persons holding stock as executors, administrators, guardians or trustees, and persons holding stock as collateral security, shall not be personally liable as stockholders, but the assets or funds in their hands constituting the trust shall be liable to the same extent as the testator, intestate, ward or person interested in such trust fund would be, if living, or competent to act, * * *."

A trust company bank might purchase stock in its capacity as a trustee for the purpose of particular trusts, but it would have no power to purchase, for its own purposes, stock in any other State bank wherever organized. Under Wisconsin Statutes, § 223.05 it was required to keep its trust accounts separate from its own books of account. It was required at all times to keep separate from its corporate funds, the property which it held in a trust capacity.

■ A Wisconsin trust company bank cannot subject itself generally to a stockholder's liability. This is a very important limitation in view of the fact that it may act as executor, administrator, guardian, or testamentary trustee without bond. It was the statutory purpose to so limit the powers of a trust company in handling a trust that the solvency of one trust would not be affected by any difficulties in connection with any other trust.

We must assume from the allegations in the complaint that the Trust Company held the stock in question only as trustee, and that it was not the owner of the stock for its own account. There is nothing in the complaints to show whether any of the trusts mentioned were in existence at the time of the commencement of this action, nor whether the trustee had any trust property in its possession against which a judgment might be entered.

■ Plaintiffs argue that Wisconsin Statutes cannot affect the liability of stockholders of Illinois banks. Their position may be summed up by quoting their own words: "A trustee is personally liable on contracts entered into as trustee and it is on this basis the trustees are joined in the present action as the registered owners of stock." The contention of the plaintiffs in this respect cannot be sustained. The State of Wisconsin has full authority to regulate its own banks and trust companies and this authority cannot be interfered with by the laws of other States. In the absence of culpable negligence on the part of the trustee in the handling of the affairs of the estate, there can be, under Sec. 221.42, Wisconsin Statutes, no personal liability as. to them. Banking Commission v. Marquardt, 218 Wis. 210, 215, 260 N.W. 464. Illinois likewise prohibits banks organized under her laws from purchasing, for their own portfolios, stock in other State banks. Flanagan v. First National Bank of Chicago, 307 Ill.App. 495, 30 N. E.2d 786. Illinois likewise has a statute exempting from personal liability, trustees who own bank stock as such. Illinois Corporation Act, Chapter 32, Sec. 157.23, Illinois Rev.Stats.1939. It is therefore the public policy of both States to limit the liability of trustees and of trust companies.

■ There is no transitory cause of action against the First Wisconsin Trust Company which can be enforced in Wisconsin. No cause of action against the Trust Company is stated in the complaint; and its motion to dismiss must be granted.

### Motions on Behalf of Other Defendants

Counsel for the other defendants who have moved to dismiss has presented a very well considered argument, setting forth several grounds upon which it is contended that the motions to dismiss should be granted. It is first contended that the United States is not a proper party to this suit; that in reality the R.F.C. is the only plaintiff. It does appear that the United States has a relatively small claim for taxes, but its status in this action is not on the basis of an independent creditor. All of the stock of the R.F.C. is owned by the United States; it likewise unconditionally guarantees all of the R.F.C.'s notes, bonds, and obligations; upon liquidation, all of the R.F.C.'s assets will go to the Government, and all of its liabilities will be assumed by it. Under similar circumstances the Supreme Court held in Erickson v. United States, 264 U.S. 246, 44 S.Ct. 310, 68 L.Ed. 661, that the United States was a proper party plaintiff. Other courts have followed the rule of the Erickson case. See Reconstruction Finance Corporation v. Krauss, D.C.N.J., 12 F. Supp. 44; United States v. Lewis, D.C. Ky., 10 F.Supp. 471; United States v. Freeman, D.C.Mass., 21 F.Supp. 593; United States v. Arthur, D.C.N.Y., 23 F. Supp. 537.

■ The principal contention which is earnestly presented is that where a statute creating a stockholder's liability provides a remedy, that remedy is exclusive and an ancillary suit is barred. It is argued that Chapter 16½, Sec. 11, Revised Stats. of Illinois[2] provides for an administrative suit in equity for the enforcement of the stockholder's liability created by the constitutional provision, and that this remedy is exclusive. This contention cannot be upheld because the statutory remedy provided by Sec. 11 of the Illinois Banking Act is not exclusive. Ever since the creation of the stockholder's liability by the adoption of the Constitution of Illinois in 1870, and long before the enactment of Sec. 11, representative suits in equity to enforce the liability were permitted by Illinois courts. See Eames v. Doris, 102 Ill. 350; Tunesma v. Schuttler, 114 Ill. 156, 28 N.E. 605. It is the view of the Illinois court that when Sec. 11 was enacted, the remedy therein provided was merely cumulative of the remedy previously existing. Elkin v. Diversey Trust & Savings Bank, 363 Ill. 160, 1 N.E.2d 844, 845. The court there said:

"* * * It is well settled that where a statute gives a new remedy and contains no negative, express or implied, of the remedy which existed theretofore, the new remedy thus created is cumulative and not exclusive and that a party may elect between the two. [Citing cases.]

"The language of section 11 of the Banking Act is permissive, and does not purport to prohibit those remedies which previously existed. The right of a creditor of a bank to file such a representative suit is well established * * *."

The courts of Wisconsin have taken a similar view. Remedies existing, whether by common law or by statute, will not be regarded as taken away by subsequent statutes granting new remedies, unless such purpose is clearly shown. Goodrich v. The City of Milwaukee, 24 Wis. 422; Morgan v. South Milwaukee Lake View Co., 100 Wis. 465, 76 N.W. 354.

The Supreme Court of Wisconsin has recognized the right of creditors to enforce stockholders' liability imposed by the Illinois Constitution. In G. M. C. Hotels, Inc., v. Hanson, 234 Wis. 164, page 168, 290 N.W. 615, page 617, the court said: "The defendant is a resident of Wisconsin, but under her Illinois contract she assumed certain obligations and rendered herself subject to certain liabilities. Creditors of the bank who may enforce this liability have a transitory cause of action which gives them a right to appear in the courts of this state and insist upon the defendant meeting the obligation which she assumed upon becoming a stockholder. The existence of Chapter 16A, Sec. 11, [Smith-Hurd Stats. C. 16½, § 11] and the sections above referred to is of no avail to the defendant in this situation because it is the law in Illinois that that Chapter cannot interfere with the self-executing provisions of the constitution with relation to the stockholders' liability."

The defendants, while recognizing this holding, contend that the complaint is nevertheless bad, for want of equity.

■ The complaint herein prays that the court determine the identity of all creditors and the amounts due to each. It would be manifestly unjust for some creditors to be able to proceed against the stockholders and obtain full satisfaction for their indebtedness when there are insufficient funds available with which to make payment in full to all. It would likewise be unfair to stockholders to allow individual actions to be brought against them unless every one of them were sued. It is apparent that complete relief for all concerned can only be obtained if the court, as prayed for in the complaint, determines who the creditors are, the amounts of their claims, and when they accrued; determines who the stockholders are, the amount of their liability, and when it accrued; and collects the amount of said liability and makes some arrangement for its equitable, proportionate distribution to those entitled thereto.

■ It can be readily seen that the allowance of individual actions at law, as suggested by the defendants, would in fact

---

[2] The pertinent part of Sec. 11, Ch. 16½ reads: "When any banking association, organized under this Act shall have gone into liquidation under the provisions of this section of the Act, the individual liability of the shareholders provided by section six (6) of this Act may be enforced by any creditor of such association, by bill in equity, in the nature of a creditors bill, brought by such creditor on behalf of himself and all other creditors of the association against the shareholders thereof, in any court having jurisdiction in equity for the county in which such bank or banking association may have been located or established."

be unjust and oppressive. It is more important to insure the fair and equitable assessment of stockholders, and to insure the fair and equitable distribution to creditors, all according to the rights and duties of each, as prescribed by law.

In Brusselback v. Chicago Joint Stock Land Bank, 7 Cir., 85 F.2d 617, 619, the court said: "* * * It was * * * held that the liability of the various shareholders constituted a trust fund for the payment of all corporate creditors whose claims the corporate assets are insufficient to meet (up to the par of the stock held by the various shareholders), and that all may be joined in the action. * * *"

The rule was well stated in United States v. Freeman, D.C., 21 F.Supp. 593, 597:

"While it must be conceded that neither the statutes nor the decisions of Illinois can operate to enlarge the equity jurisdiction of the federal courts, it is apparent that not only in Illinois but in other jurisdictions the courts have held, quite independently of statutory remedies, that a creditor can bring a proceeding in equity in behalf of himself and other creditors against such shareholders as are within the territorial jurisdiction of the court. Golden v. Cervenka, supra [278 Ill. 409, 116 N.E. 273]; Heine v. Degen, supra [362 Ill. 357, 199 N.E. 832]; Alsop v. Conway, C.C.A., 188 F. 568, 579; Brusselback v. Cago Corporation, C.C.A., 85 F.2d 20; Holmberg v. Carr, C.C.A., 86 F.2d 727.

"These cases proceed upon the theory that the liability constitutes a trust fund which the court may recover and distribute among creditors according to their respective interests. * * *"

The contention that each defendant is entitled to a separate jury trial was rejected in Judge Wilkerson's decision heretofore cited. It was also rejected in the State courts of Illinois. Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273; Babka Plastering Co. v. City State Bank of Chicago, 264 Ill.App. 142. It likewise is the law in Wisconsin that where there are grounds for equitable relief as to part of the controversy, equity will take cognizance of the whole. Ekern v. McGovern, 154 Wis. 157, 142 N.W. 595, 46 L.R.A.,N.S., 796; Delap v. Parcell, 230 Wis. 152, 283 N.W. 305.

The defense is made upon behalf of certain defendants, who were joined as parties by the amendment to the complaint filed in this court on December 27, 1938, that the statute of limitations has run as to them. I agree with the opinion in United States v. Arthur, supra, that this defense should be raised in the answer and not by motion to dismiss. To the same effect, see Reconstruction Finance Corporation v. Central Republic Trust Co., D.C., 11 F. Supp. 976; Holmberg v. Hannaford, D. C.Ohio, 28 F.Supp. 216; Munzer v. Swedish American Line, D.C.N.Y., 30 F.Supp. 789—the last two cases holding that under Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this defense must be pleaded affirmatively and not raised on motion to dismiss.

Other contentions in addition to those specifically discussed herein have been carefully considered. All motions to dismiss will be denied, except as to the motions filed by the First Wisconsin Trust Company.