UNITED STATES et al. v. ASCHER et al.

No. 479–M.

District Court, S. D. California,
Central Division.

Sept. 29, 1941.

Wm. Fleet Palmer, U. S. Atty., of Los Angeles, Cal., for the United States.

Alexander Macdonald, Fred E. Pettit, Jr., John L. Rowland, and Macdonald & Pettit, all of Los Angeles, Cal. (Claude E. Hamilton, Jr., Gen. Counsel, Clifford J. Durr, Asst. Gen. Counsel, Hans A. Klagsbrunn, Counsel, and Max Hersh, Atty., Reconstruction Finance Corporation, all of Washington, D. C., of counsel), for plaintiff Reconstruction Finance Corporation.

Hahn & Hahn, Herbert L. Hahn, and Louis R. Vincenti, all of Pasadena, Cal., for defendants Morris Anolik and others.

Gibson, Dunn & Crutcher and Norman S. Sterry, all of Los Angeles, Cal., for defendants Meta W. Buckbee and John C. Buckbee.

Clarence A. Shuey and Orrick, Dahlquist, Neff & Harrington, all of San Francisco,

Cal., and Robinson, Price & Macdonald, of Oakland, Cal., for defendants Engineers Investments, Inc., and others.

Leonard J. Meyberg, of Los Angeles, Cal., for defendants Mary Bedford Jones and Henry Bedford Jones.

Nichols, Cooper & Hickson, George H. McBurney, pro se, and A. L. Hickson, all of Pomona, Cal., for defendants McBurney.

Harry M. Rosenblum, of Los Angeles, Cal., for defendant Leon Rosenblum.

James W. Mack, of Los Angeles, Cal., for defendant Arnold Schaak.

Meserve, Mumper & Hughes, of Los Angeles, Cal., for defendant George Shumway Suffel.

Neice & Crane and DeForest M. Neice, all of Los Angeles, Cal., for defendant Catherine M. Werner.

Jay T. Cooper, of San Francisco, Cal., for defendant Jim Wong.

J. Russell Myers, of Los Angeles, Cal., for defendant Murray S. Humphrey.

Mayock & Lester, of Los Angeles, Cal., for defendant Helen M. Radford.

Hill, Morgan & Bledsoe, A. J. Hill, Charles P. McCarthy, and Kenneth K. Wright, all of Los Angeles, Cal., for defendant A. M. Johnson.

Dryer, Richards & Page, of Los Angeles, Cal., for defendant Edward J. Smith.

John D. Hoyt, of Los Angeles, Cal., for defendant Georgia Samuelson Lewis.

Ben Koenig, of Hollywood, Cal., for defendant Mrs. Winifred Shank.

McCORMICK, District Judge.

On December 20, 1934, this class action. by plaintiffs for themselves and on behalf of all other creditors was filed in this court to enforce the liability of California-residing stockholders of Central Republic Trust Company (formerly Central Republic Bank and Trust Company), an Illinois state bank, to the creditors of said bank, pursuant to Section 6, Article XI of the Constitution of the State of Illinois, Smith-Hurd Stats., and Section 6, Chapter 16½ of the Illinois Banking Act, Smith-Hurd Stats. The constitutional provision is as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder,"

—and the applicable part of the Banking Act reads: "Every stockholder in any bank or banking association organized under the provisions of this Act shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder. * * * No transfer of stock shall operate as a release of liability provided in this section."

Initially there were approximately 125 defendants named in the complaint. During the years as other stockholders of said bank were found in the State of California such persons have been made additional defendants in the case by appropriate orders of this court.

Many of the defendants have appeared. Some filed motions to dismiss; others filed answers, and still others have settled the controversy by making payments into a fund in the hands of a receiver appointed by the United States District Court for the Northern District of Illinois in an action similar to the case at bar, brought against the Illinois resident stockholders of said bank.

The matters immediately before the court are the several pending and undetermined motions of defendants respectively to dismiss the action as to them, respectively.

The action was originally assigned to and pending before the late Judge Wm. P. James of this court. On June 25, 1937, the motions to dismiss were argued before Judge James and upon said day an order was made that additional memoranda be filed by plaintiffs in answer to the oral arguments and memoranda of defendants. Plaintiffs duly filed such additional memoranda on July 21, 1941, whereupon this court by minute order dated July 22, 1941, on account of the lapse of time from the presentations of the motions, extended the time to defendants to amplify their arguments supporting the motions. This the defendants have done, and upon reply by plaintiffs, all motions to dismiss now stand submitted for decision.

There are many common grounds upon which each movent relies for dismissal. In addition, some of the defendants raise specific issues which they contend pertain to them exclusively. The record further shows, as before stated, that some of the movent defendants since the commencement of this action against them have set-

tled the claim of the Reconstruction Finance Corporation against them, but it is claimed by plaintiffs that such settlements do not entitle such defendants to a dismissal in toto at this time because the action being a representative one for the benefit of all creditors of the bank, before such defendants can be dismissed it must appear that the rights and claims of all creditors of the distressed Illinois state bank at respective applicable times have been considered and determined.

Substantially the grounds of all motions to dismiss are: Want of jurisdiction, adequacy of remedy at law, misjoinder of parties, nonjoinder of parties, failure to state a claim upon which relief can be granted, laches and the statute of limitations. There are other grounds stated but such are regarded as merely amplifications of the aforesaid grounds rather than separate substantive objections.

The first question for decision is whether the complaint as amended is to be evaluated by the new rules of federal procedure or by the old equity practice and other former adjective law requirements of suits in the federal courts.

Although all of the pleadings under consideration were filed before the effective date of the new rules of federal procedure, we think that the sufficiency of the action as charted in the original complaint and in the amended complaints, as well as the merits of the motions to dismiss, are governed by the new rules.

Rule 86, 28 U.S.C.A. following section 723c, in part provides that the rules "govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

There can be no question as to the feasibility of the new rules in this action. Indeed, they are more practical and adequate than the older methods.

The only grounds of the motions to dismiss, a denial of which possibly "would work injustice" to some defendants, are those raising laches and the statute of limitations, but we think the new rules also safeguard such an eventuality, and it is to be presumed that defendants will present such defenses as are available to them in accordance with Rule 8(c), which restricts the presentation of affirmative defenses in an exclusive manner. This new procedural scheme, with the broad rights of discovery and interrogation, as well as pretrial proceedings under Rule 16, gives ample protection to the rights of every defendant. No one has a vested right in any given mode of procedure, Ritholz v. March, et al., 70 App.D.C. 283, 105 F.2d 937, and the requirement of "due process" is fulfilled where a plenary and efficient remedy is provided. That, we think, is assured to all parties to this action by the seasonable invocation of the Federal Rules of Civil Procedure.

All of the other issues raised by the motions to dismiss respectively have been before the courts of the United States in actions identical with the one at bar brought against stockholders of the Illinois state bank who are residents of the respective state wherein the federal District Court is located. In all such cases the motions to dismiss have been denied. See United States et al. v. Freeman, D.C.Mass., 21 F.Supp. 593; United States et al. v. Arthur, D.C.N.Y., 23 F.Supp. 537; United States et al. v. Earling et al., D.C.Wis., 39 F.Supp. 864, decided June 19, 1941.

We have reached the same conclusions as to the sufficiency of the complaint and its amendments as against all pending motions in the case at bar that are indicated in the above-cited decisions, and we think under the new rules the plaintiffs' claim for relief is sufficiently set forth in the pleadings. See Sparks v. England, 8 Cir., 113 F.2d 579.

Many of the contentions argued by movents here were extensively considered and adversely decided by Judge Wilkerson in the initial action by the Reconstruction Finance Corporation as sole plaintiff against Illinois resident stockholders in the Central Republic Trust Company, R.F.C. v. Central Republic Trust Co. et al., D.C.Ill., 11 F. Supp. 976; and the Circuit Court of Appeals, Seventh Circuit, in R.F.C. v. McCormick et al., 102 F.2d 305, affirmed the decision of Judge Wilkerson. Certiorari was denied by the Supreme Court, 308 U.S. 558, 60 S.Ct. 90, 84 L.Ed. 469.

We think the great weight of authority sustains the action as alleged in the complaint and amendments to the complaint as

against all motions applicable at this time. Accordingly, each pending and undetermined motion to dismiss interposed by any defendant or defendants is overruled and denied in toto. Each defendant is given ten days to answer. Exceptions allowed each movent.