## MISSISSIPPI VALLEY BARGE LINE CO. et al. v. UNITED STATES et al. (CAMPBELL, Intervenor).
### C. A. No. 2793.

District Court, W. D. Pennsylvania.

July 31, 1944.

Wm. C. O'Neil, of Pittsburgh, Pa. (Harry C. Ames and Wilber LaRoe, Jr., both of Washington, D. C., of counsel), for plaintiff.

Edward Dumbauld, Sp. Asst. Atty. Gen., Edward M. Reidy, Asst. Chief Counsel Interstate Commerce Commission, of Washington, D. C., Wendell Berge, Asst. Atty. Gen., and Daniel W. Knowlton, Chief Counsel Interstate Commerce Commission, of Washington, D. C., for defendant.

Before JONES, Circuit Judge, and GIBSON and SCHOONMAKER, District Judges.

SCHOONMAKER, District Judge.

This case originated on complaint filed by plaintiffs, in which they seek an order setting aside a certificate and order of the Interstate Commerce Commission dated January 13, 1943, and to become effective April 6, 1943, (Plffs' Exh. K–7), by virtue of which, Thomas L. Campbell, doing business under the trade-name and style of Coal City Towing Company, was authorized to operate as a "common carrier by towing vessels in interstate and foreign commerce, in the performance of general towage between ports and points along the Allegheny and Monongahela Rivers, and the Ohio River east of and including North Bend, Ohio."

The complaint alleges that plaintiffs are engaged in business as common carriers by water in interstate commerce by authority of certificates of public convenience issued by the Interstate Commerce Commission, which give to them operating authority as follows:

The plaintiff, Mississippi Valley Barge Line Company, has operating authority extending from Cincinnati, Ohio, and St. Louis, Missouri, on the north; to New Orleans, Louisiana, on the south; and including all intermediate ports on the Ohio and the Mississippi Rivers. The plaintiff, Campbell Transportation Company, has operating authority between ports and points along the Monongahela River from Fairmont, West Virginia, to Pittsburgh, Pennsylvania; the Allegheny River from Kittanning, Pennsylvania, to Pittsburgh, Pennsylvania; the Ohio River, entire stretch; the Kanawha River from Charleston, West Virginia, to Point Pleasant, West Virginia; and the Mississippi River from St. Louis, Missouri, to New Orleans, Louisiana.

The plaintiff, American Barge Line Company, has operating authority between Pittsburgh, Pennsylvania, and Mississippi Riv-

er ports south of Cairo, Illinois; on the Ohio River between all points, Pittsburgh to Cairo, inclusive; and also has operating authority on certain rivers tributary to the Ohio and the Mississippi Rivers, i. e., the Cumberland, Kanawha, Monongahela, Allegheny, Youghiogheny, and the Illinois Waterway.

The plaintiffs further allege that they will be in competition with Coal City Towing Company in its operations under the order of the Interstate Commerce Commission herein complained of.

The plaintiffs contend that Campbell was not entitled to such certificate, nor was there proper evidence before the Interstate Commerce Commission to sustain such a finding. The United States and the Interstate Commerce Commission filed answers, in which there was a denial of right of plaintiffs to the relief prayed for. Thereafter, with leave of court, Thomas L. Campbell, doing business as Coal City Towing. Company, intervened and answered the complaint, denying that the plaintiffs were entitled to the relief prayed for. Campbell then moved for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; and the case came on to be heard before this three-judge court.

The undisputed facts, as appear by the pleadings, may be briefly summarized as follows:

The order of the Interstate Commerce Commission of January 13, 1943, sought to be annulled in this suit, was arrived at in proceedings before the Commission, designated as Docket W-313, Coal City Towing Company Contract Carrier Application, and was upon the application of Thomas L. Campbell, as successor in interest to Earl Webster. Earl Webster was the operator on and before the critical "grandfather" date of January 1, 1940. By order of the Commission (Complaint Exh. K-2), his successor, Thomas L. Campbell, was substituted as the applicant.

The Commission's decision granting the certificate to Campbell was reached without a public hearing, and was based upon evidence presented in the original application and obtained, ex parte, by the Commission's field investigators, consisting of two of its employees. The record before this court contains the application (Complaint Exh. G), and the reports made by the Commission's employees on the ex parte investigations (Complaint Exh. H 1 to H 31).

The plaintiffs, before the effective date of the order complained of, petitioned the Commission for a hearing, and offered to prove facts showing lack of jurisdiction in the Commission to grant the certificate complained of in this case, i. e., that neither the applicant nor his predecessor Webster was in bona fide operation as a carrier subject to this Act, 49 U.S.C.A. § 909, on January 1, 1940; and that neither the Coal City Towing Company nor Webster was at any time engaged in operations essential to support any grant of operating authority. (See Petitions Exh. B, Exh. C, and Exh. D, which were all denied by the Commission in its order dated April 13, 1943.)

Thereafter, plaintiffs filed second petitions with the Commission, asking for reconsideration of the order of denial, and requesting that the matter be set down for a public hearing in order that the facts might properly be presented to the Commission (Petitions Exh. E and F). These petitions were refused for filing by the Commission and physically returned to petitioners.

As all of the proceedings before the Commission prior to the granting of the order dated January 13, 1943, were ex parte, we cannot see how the plaintiffs could have intervened until the Commission's views had ripened into a decision. It seems to us that the very purpose of the Commission's order of January 13, 1943, in making it effective April 6, 1943, was for the purpose of permitting any interested party to appear in the meantime to object and to be heard. This interpretation of the order of January 13, 1943, is strengthened by the fact, as we are now advised, that the present practice of the Commission is to issue tentative reports in ex parte investigations, thus affording interested parties the opportunity to file exceptions before the report becomes final.

The plaintiffs herein are common carriers by water, and therefore subject to the jurisdiction of the Commission. The Commission has issued to them certificates of public convenience and necessity, as hereinbefore noted; and they are now, and will be, in direct competition with the Coal City Towing Company. Therefore, they are entitled, under Section 45a, 28 U.S.C.A. Judicial Code, Sections 212, 213, amended, to be heard.

That section provides that "any party or parties in interest in the proceedings before the commission, in which an order or re-

quirement is made, may appear as parties thereto of their own motion and as of right, and be represented by their counsel, in any suit wherein is involved the validity of such order or requirement or any part thereof, and the interest of such party."

Considering the status of competing carriers on order of the Commission in the Chicago Junction Case (Baltimore & Ohio R. Co. v. United States), 264 U.S. 258, at pages 267, 268, 44 S.Ct. 317, at page 320, 68 L.Ed. 661), the Supreme Court said: "The plaintiffs may challenge the order because they are parties to it. The Judicial Code, § 212, (originally Commerce Court Act, June 18, 1910, ch. 309, 36 St. at L., 542), declares that any party to a proceeding before the Commission may, as of right, become a party to 'any suit wherein is involved the validity of such order.' The section does not in terms provide that such party may institute a suit to challenge the order. But this is implied."

In the instant case, the plaintiff Mississippi Valley Barge Line Company protested the application of the Coal City Towing Company. And while the plaintiff American Barge Line Company did not appear in the proceedings until after decision therein, it is still entitled to become a party under the authority of the Chicago Junction case, which says "persons who were entitled to become parties before the Commission but did not do so, have been allowed to maintain such suits where the requisite interest was shown."

Our conclusion is that plaintiffs made timely application to the Commission to intervene and to be heard, and should be granted that right. The propriety of this conclusion is especially indicated by the fact that, on the merit of the matter, it is not possible for us to say, with any reasonable degree of certainty, that there is any evidence in the record before us to support a finding that Webster (the predecessor of the present applicant) had engaged in any transportation "subject to this part [of the Act]" prior to the "grandfather" date. This becomes the more crucial in view of the plaintiffs' timely offer to assume the burden of proving the negative by establishing that Webster did not in fact engage in any such transportation prior to the critical date.

The order of the Commission of January 13, 1943, to become effective April 6, 1943, will therefore be set aside, in order that the Commission may grant the plaintiffs further hearing in this case.