## Application of SMITH.

Docket No. 72427-RCC. Order No. 5531.

Florida Public Service Commission.

September 22, 1972.

Chairman WILLIAM H. BEVIS, and Commissioners WILLIAM T. MAYO and JESS YARBOROUGH participated in the disposition of this matter.

BY THE COMMISSION.

*Order granting motion to strike protests:* Edward C. Smith, d/b/a Answerite Professional Telephone Service, has applied for a certificate to operate as a radio common carrier in Tampa. Four protests thereto have been filed and the matter has been set for hearing on October 26, 1972. The attorney for the applicant has moved to strike three of the protests, that of General Telephone Company of Florida, that of William T. Peacock, Jr., d/b/a Peacock Radio Service, and that of Robert Ray Rich, Sr. The applicant did not move to strike the protest submitted by Dee Wetmore, d/b/a Westside Answering Service of Tampa. General Telephone Company entered a reply to applicant's motion to strike.

This commission does not wish to deprive any party of an opportunity for a fair hearing to which it is entitled either by statute or by elementary due process. On the other hand, the commission will not allow a disinterested party to impede the progress of the hearing, confuse the issues, and pile up costs to the applicant and to the commission through the introduction of cumulative evidence, unnecessary cross-examination, dilatory motions, requests for oral argument, and other devices designed to prevent expeditious disposal of commission business. Thus, the commission has promulgated Rule 25-2.61(1) set out below —

> *"Protest.* A protest is the proper responsive pleading to an application in a formal proceeding where the protesting party seeks to protect existing rights against invasion by the applicant. In this pleading the rights sought to be protected, the requested method for effecting the desired protection, as well as the lawful right to such protection, must be clearly established."

To put the question of who has protectable rights into more manageable terms, we look to a federal district court decision which may be helpful. The Interstate Commerce Commission by ex parte proceedings had authorized the issuance of a certificate of public convenience and necessity for operation as a common carrier. The court said that other carriers holding similar certificates and who would be in competition with the applicant under the order were entitled to intervene and be heard by the commission. Mississippi Valley Barge Line Co. v. United States, 56 F. Supp. 1 (W. D. Pa. 1944).

In determining whether a party had an interest to protect the court looked for two factors — (1) similar certificates and (2) competition.

The question whether a telephone certificate is similar to a radio common carrier certificate has been clearly answered in the negative by the Florida legislature in section 364.41(2)(d), Florida Statutes, which is set out below —

> "Notwithstanding any provisions of sections 364.01 - 364.40, or any provision of part II, the term 'radio common carrier' as used in this part shall not be construed to mean a 'telephone company' under the provisions of said sections 364.01 - 364.40, and no such radio common carrier shall have any of the powers, rights or duties provided for and prescribed by said sections 364.01 - 364.40."

The question whether a telephone company is to be considered to be in competition with a radio common carrier seems to also have been answered by the Florida legislature. Section 364.41(6) requires only that the Florida Public Service Commission consider what effect the granting of a radio common carrier certificate will have on competing common carriers —

> "The commission shall not grant a certificate for a proposed radio common carrier operation or extension thereof which will be in competition with or duplication of any other radio common carrier unless it shall first determine that the existing service is inadequate to meet the reasonable needs of the public or that the person operating the same is unable to or refuses or neglects after hearing on reasonable notice to provide reasonably adequate service."

In summary, General Telephone Company is not a radio common carrier and competition between General Telephone Company and the applicant need not be considered by the commission under Florida law. Therefore, General Telephone Company has no standing to protest this application.

### Protest of William T. Peacock, Jr., d/b/a Peacock Radio Service

Protestant William T. Peacock, Jr., d/b/a Peacock Radio Service (Peacock) asserts that the applicant's proposed operation would overlap extensively the area served by Peacock Radio Service, thus fragmenting a market which already has two competing RCC operations providing five two-way channels and two paging channels. He further asserts that since additional channels are available to existing RCC's only upon a showing to the FCC of overload or imminent overload conditions, the problems of growth and advance planning are difficult, and invasion of the area by a new RCC would do irreparable damage by limiting Peacock's potential growth, creating problems in acquisition of new channels and financing new equipment. Furthermore, Peacock Radio Service has expanded to meet the growing needs of the area, and is prepared to supply facilities to serve the public where the need exists.

The commission must discount any reference above to problems of growth and advance planning due to the difficulty of acquiring new channels. The Federal Communications Commission has preempted this field. The Public Service Commission has neither the authority nor the expertise to deal with the problems of frequency allocation.

If Peacock is protesting that the granting of this application will limit his ability to expand into the Tampa area, this too must be discounted. Commission Rule 25-2.61 states that a protesting party

may seek to protect *existing* rights against invasion by the applicant. Peacock's remedy to protect his future expansion rights is to apply for operating authority in Tampa. Peacock did apply for RCC authority in Tampa in 1967; the application was subsequently withdrawn.

The applicant's proposed service will overlap somewhat Peacock's service areas in Clearwater and St. Petersburg, each about 18 miles from Tampa. In 1965, Peacock's two operating areas were certificated via the RCC grandfather clause, section 364.41 (5), Florida Statutes. That same year Westside Answering Service, the present RCC operator in Tampa, proved to this commission's satisfaction that public convenience and necessity required the granting of RCC authority in Tampa (not grandfathered in) as evidenced by Order No. 3944.

Peacock's transmitter is not powerful enough to serve the entire Tampa area. Even if Peacock could reach the entire Tampa area a mobile telephone subscriber located in Tampa would have to pay a toll charge to make a local call over Peacock's equipment because telephone service between Tampa and Clearwater or St. Petersburg is not toll free.

Peacock is not likely to lose customers if this application is granted. RCC customers desiring RCC service in the Tampa area cannot receive such service at economical rates because of the toll charges inherent in subscribing to Peacock's mobile telephone service.

Peacock's interest in this proceeding is very small, and a Federal Circuit Court of Appeals has said —

> "Participation as parties of persons only insubstantially or remotely interested or affected is not necessary for protection of either private right or public interest. Exclusion of such persons from participation as of right is necessary for efficient conduct of the commission's functions and to keep the hearings within manageable bounds." National Broadcasting Co., Inc. v. Federal Communications Commission, 63 S. Ct. 526, 132 F. 2d 545, 556 (U. S. Ct. of App., D. C., 1943).

For the above reasons, applicant's motion to strike the protest of William T. Peacock, Jr., d/b/a Peacock Radio Service will be granted.

### Protest of Robert Ray Rich, Sr.

Mr. Rich holds a First Class FCC Radiotelephone license. He holds no other authority from the Federal Communications Commission or from this commission. Mr. Rich to our knowledge is not a customer of Answerite, the applicant herein.

Mr. Rich has no standing to protest this application because he has no existing rights to protect as required by Commission Rule 25-2.61(1). Moreover, the commission has reviewed the specific allegations in Mr. Rich's protest and finds them to be without merit.

It is therefore ordered that the applicant's motion to strike the protests of General Telephone Company of Florida, William T. Peacock, Jr., d/b/a Peacock Radio Service, and Robert Ray Rich, Sr. be and the same is hereby granted.

By order of Chairman WILLIAM H. BEVIS, Commissioner WILLIAM T. MAYO and Commissioner JESS YARBOROUGH, as and constituting the Florida Public Service Commission, this 22nd day of September 1972.

( S E A L )                     *William B. DeMilly*
                                Administrative Secretary