# In re WORCESTER SILK MILLS CORPORATION.

District Court, S. D. New York.
Dec. 17, 1927.

Gilbert & Gilbert, of New York City, for petitioner.

Drechsler, Orenstein & Leff, of New York City, for respondent.

THACHER, District Judge.

This is a proceeding under the United States Arbitration Act of February 12, 1925, c. 213, § 4, 43 Stat. 883, U. S. C. Title 9 (9 USCA § 4), in which the petitioner seeks to compel the respondent to submit to arbitration a dispute arising under a contract for the sale of 200 pieces of georgette. In May of this year a dispute arose between the parties concerning the merchantable quality of 80 pieces of merchandise delivered under the contract. The respondent claimed that the merchandise was not in accordance with the contract and that he was entitled to a credit by reason of the return thereof. The petitioner disputed this claim, asserting that the merchandise was in accordance with the contract when delivered, but was spoiled by the dyer and finisher to whom respondent delivered the same, and that the respondent was not entitled to a credit by reason of the return thereof. The petitioner alleges failure and refusal to arbitrate under the agreement, which contains a clause for arbitration, and prays an order directing that such arbitration proceed in the manner provided for in the agreemeent. The respondent has answered under oath, setting forth in particularity negotiations between the parties which resulted in an adjustment and settlement of the entire controversy, and in this connection has set forth an agreement to settle the controversy, confirmed by correspondence, pursuant to which the merchandise claimed to have been defective in quality was to be returned and credited to the respondent, a credit allowed to the petitioner on account of its claim of damage by the dyer, and the balance of the account paid by the respondent. The answer further shows payment of the balance thus adjusted, by check which upon its face recites the transaction and states that the indorsement of the payee will constitute a receipt in full. It is alleged that this check was accepted and deposited by the petitioner, and the amount thereof paid to the petitioner by the respondent's bank on which it was drawn. None of these allegations in the answer, all of which are verified by the respondent's oath, have been denied by the petitioner. If true, these facts constitute a complete settlement, and an accord and satisfaction, and no dispute between the parties remains to be adjusted under the arbitration clause contained in the agreement.

The statute requires such an application as this to be heard in the manner provided by law for the making and hearing of motions. Section 6, Title 9, U. S. C. (9 USCA § 6). The petition and answer must therefore be regarded as affidavits submitted in support of a motion, and, there being no denial of any of the statements contained in the answer, I must accept these statements as true, and accordingly deny the application.

On Reargument of Petitioner's Application for an Order Requiring Arbitration.

Upon reargument of the above motion upon additional affidavits, I have concluded that the denial of the motion must stand. Section 4 of the Arbitration Act of February 12, 1925, c. 213, 43 Stat. 883, U. S. C. Title 9 (9 USCA § 4), contemplates the summary trial of two issues only. These are: (1) The making of the arbitration agreement; and (2) the failure, neglect, or refusal to perform the same. Neither of these issues is presented here. Respondent confesses the making of the arbitration agreement and his refusal to arbitrate, but alleges that all disputes which he agreed to arbitrate have been settled by agreement under which there has been accord and satisfaction. Petitioner, in turn, confesses the agreement to settle, and payment thereunder, but alleges by way of confession and avoidance that the settlement was induced by fraud and has been rescinded. Respondent denies fraud and rescision.

The issue thus presented cannot be summarily tried under section 4 of the Arbitration Act, which provides: "If the making of the arbitration agreement or the failure, neg-

lect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." Thus the statute authorizes a special statutory proceeding in which the issues to be tried are quite narrowly defined, and the court is entirely without jurisdiction to summarily try issues other than those defined. The issues of fraud and rescission raised at bar are quite clearly beyond the court's jurisdiction as defined by the statute. There has been no agreement to arbitrate the dispute which now arises over the right to rescind, and the respondent is entitled to insist that the issues raised by the assertion of any such right be tried and determined in a plenary suit.

The petition must therefore be dismissed.