189 F.2d 858
 INTERNATIONAL REFUGEE ORGANIZATION,
v.
REPUBLIC S.S. CORP. et al.
INTERNATIONAL REFUGEE ORGANIZATION,
v.
REPUBLIC S.S. CORP.
INTERNATIONAL REFUGEE ORGANIZATION,
v.
COLEMAN, Chief Judge.
 Nos. 6202, 6245, 6249.
 United States Court of Appeals Fourth Circuit.
 Argued April 12, 1951.
Decided May 11, 1951.
As Modified July 11, 1951.
 
 Francis M. Shea, Washington, D.C. (Warner W. Gardner, Lawrence J. Latto, and Oliver E. Stone, Legal Officer, United States Office, International Refugee Organization, Washington D.C., on the brief), for appellant.
 A. H. Feller, Gen. Counsel, and Paolo Contini, Legal Counsellor United Nations, Lake Success, N.Y., on the brief of United Nations as amicus curiae.
 No appearance for appellees and respondent.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 PARKER, Chief Judge.
 
 
 1
 These cases arise out of a controversy between the International Refugee Organization, an agency of the United Nations, and the Republic of Panama, and one Jose Jacintho de Medeiros, a citizen of Portugal. One aspect of the controversy was before this court in International Refugee Organization v. Maryland Drydock Co., 4 Cir., 179 F.2d 284, in which we resolved conflicting claims to the S.S. San Francisco. No. 6202 involves a charge of fraud and deceit made by the I.R.O. against the corporation and Medeiros in a suit instituted against them to recover damages and establish a constructive trust. No. 6245 is an appeal in a suit in admiralty commenced by a libel in personam against the corporation, in which a writ of foreign attachment was issued against the S.S. San Francisco and in which the same charges of fraud were made as were made in No. 6202. The allegations of fraud in both cases are that the corporation and Medeiros obtained $840,000 from I.R.O. by means of false and fraudulent representations with respect to the ownership, title and speed of the S.S. San Francisco, a vessel chartered to the I.R.O. by the Republic Steamship Company represented by Medeiros as president.
 
 
 2
 In No. 6202, the action against Medeiros and the Republic Steamship Company was dismissed by the lower court for lack of jurisdiction. In No. 6245 the lower court stayed proceedings because of an arbitration clause contained in the charter party and the I.R.O. appealed from that order. Admitting, however, that appeal does not lie because such an order is not final, the I.R.O. has filed a petition for a writ of mandamus, which is before us in No. 6249, asking that we require the District Court to hear and pass upon the case.
 
 
 3
 No. 6202.
 
 
 4
 The dismissal for lack of jurisdiction in No. 6202 is based upon the holding that a suit by the I.R.O. is not one of which the federal courts have been given jurisdiction. We think that this is error. The United Nations is an international organization of which the United States is a member, and article 104 of its charter provides that it shall enjoy in the territory of each of its members 'such legal capacity as may be necessary for the exercise of its functions and the fulfillment of its purposes'. 59 Stat. 1053. Article 13 of the Constitution of the I.R.O., which is an agency of the United Nations, contains a provision to like effect. In the International Organization Immunities Act, 59 Stat. 669, 22 U.S.C.A. § 288a, Congress has undertaken to discharge the obligations assumed under these provisions by providing that international organizations such as I.R.O. shall 'to the extent consistent with the instrument creating them, possess the capacity-
 
 
 5
 '(i) to contract;
 
 
 6
 '(ii) to acquire and dispose of real and personal property;
 
 
 7
 '(iii) to institute legal proceedings'. (Italics supplied.) This means, by necessary implication, that Congress has opened the doors of the federal courts to suits by such international organizations; for the right to institute legal proceedings means the right to go into court, and the federal courts are the only courts whose doors Congress can open.
 
 
 8
 As pointed out by the Secretary of State (hearings on U.N. Charter, 77th Congress, 1st Session, pp. 33, 134-135) and the Senate Committee on Foreign Affairs (S. Report, exec. No. 8, 77th Congress, 1st Session, p. 6), 'It is apparent that an organization like the United Nations which will have offices and employees, will purchase supplies, and presumably rent or purchase office space, must have the legal capacity to enter into contracts, to take title to real and personal property and to appear in court (although its position as a defendant is protected by Article 105). The purpose of Article 104 is to make clear that the Organization has that legal capacity.' Certainly an organization like the I.R.O., which is purchasing and chartering vessels and entering into all sorts of contracts in connection with the transportation of refugees, must have the right to go into court for the protection of its rights and interests; and in this country the logical courts for it to go into are the courts of the nation which has adhered to the international organization, not the local courts of the several states which have had no part therein. In determining its rights in this regard, we should give a liberal interpretation to the International Organization Immunities Act. As was well said by Judge Goodman in Balfour, Guthrie & Co. v. United States, D.C., 90 F.Supp. 831, 833: 'The broad purpose of the International Organizations Immunities Act was to vitalize the status of international organizations of which the United States is a member and to facilitate their activities. A liberal interpretation of the Act is in harmony with this purpose.'
 
 
 9
 We think also that there is jurisdiction to entertain the suit by reason of 28 U.S.C.A. § 1331, which provides that the District Courts shall have jurisdiction of civil actions arising under the 'Constitution, laws or treaties of the United States'. Under the principles laid down in Osborn v. United States Bank, 9 Wheat. 738, 6 L.Ed. 204, this was certainly a civil action arising not only under the treaties creating the United Nations and the International Refugee Organization into both of which the United States had entered, but also under the act of Congress which gives the right to sue to public international organizations in which the United States participates. The right of federal corporations to invoke the jurisdiction of the federal courts has been curtailed by act of Congress but this involves no limitation of the doctrine of Osborne v. United States Bank, supra. On the contrary, it is an express recognition of that doctrine. It will be noted that the statute, 28 U.S.C.A. § 1349, denying jurisdiction to a corporation created by act of Congress unless the United States is the owner of more than one-half its capital stock can have no application because the I.R.O. is not a corporation created by act of Congress but an international organization to which the United States itself is a party. If, as said by the Supreme Court in the case of Gully v. First National Bank, 299 U.S. 109, 114, 57 S.Ct. 96, 81 L.Ed. 70, there is no thought of disturbing the doctrine of the charter cases, that doctrine must be held to support the jurisdiction here. If a corporation may invoke the federal jurisdiction because created by a law of the United States, an international organization created by treaties to which the United States is a party may invoke the jurisdiction because created by a treaty of the United States. Especially is this true where the international organization is clothed by a law of the United States with the essential corporate functions of contracting, acquiring and disposing of property and suing in court.
 
 
 10
 It has been suggested that the jurisdiction of the court can be sustained under 28 U.S.C.A. § 1345 on the theory that a suit by an international organization is a suit by the United States as well as by the other nations which are parties to the organization and that jurisdiction of a suit by the United States is not defeated because other parties are joined as plaintiffs in the suit. See Erickson v. United States, 264 U.S. 246, 249, 44 S.Ct. 310, 68 L.Ed. 661. We need not pass upon this, however, as we think there can be no question as to the jurisdiction for the reasons already given.
 
 
 11
 Questions were raised in the lower court as to the propriety of the venue and the validity of the service of process. These were not ruled on by the lower court and from the facts before us seem to be without merit. We do not pass upon them, however, since they were not decided by the court below and no finding of facts with regard thereto has been made.
 
 
 12
 Nos. 6245 and 6249.
 
 
 13
 No. 6245 involves an appeal from the order staying proceedings in the attachment suit in admiralty because of the arbitration provision in the charter party. As the order is not a final one, appeal does not lie from it. Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; City of Morgantown v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; Clinton Foods v. United States, 4 Cir., 188 F.2d 289; Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360. We think, however, that the I.R.O. is entitled to the writ of mandamus asked to require the District Court to pass upon the case. Cf. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866; Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, 116; Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777. The proceedings were stayed because of the provision for arbitration contained in the charter party; but the cause of action asserted by the I.R.O. arose, not under the charter party, but out of alleged fraud, which if established rendered the charter party void. Under such circumstances, the provision for arbitration does not preclude the court's proceeding to grant relief on the ground of fraud. 9 U.S.C.A. § 2; Williston on Contracts, Revised Edition, section 1920, p. 5371; Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978, 986; In re Worcester Silk Mills Corp., D.C., 50 F.2d 966; Goldberg v. Mackay, 107 N.J.L. 412, 153 A. 639.
 
 
 14
 The learned judge below was of opinion that the issue of fraud had been conclusively determined against the I.R.O. in the proceedings which were before us in 179 F.2d 289; but in this we think he was in error. It is true that the charge of fraud was made by the I.R.O. in those proceedings and it is said that the change was rejected by the District Judge. There was an appeal by I.R.O. from the decision of the District Court, however, and the case was reviewed by us on the facts as well as on the law and no finding upon the issue of fraud formed any part of the basis of our decision. See International Refuge Organization v. Maryland Drydock Co., 4 Cir., 179 F.2d 284, 288-289. Even if there had been a finding on the issue of fraud by the District Court, the I.R.O. by appealing from the finding had done everything within its power to have it reviewed; and, since we decided the case without deciding that issue, the I.R.O. should not be held bound by the finding. See A.L.I. Restatement Judgments, sec. 69(2), also Comment b on subsection 1; Allegheny County v. Maryland Casualty Co., 3 Cir., 146 F.2d 633, 157 A.L.R. 1032 and note; Moran Towing & Transp. Co. v. Navigazione Libera Triestina, S.A., 2 Cir., 92 F.2d 37; St. Joseph Union Depot Co. v. Chicago, R.I. & P. Ry. Co., 8 Cir., 89 F. 648.
 
 
 15
 It is argued also that proceedings should not have been stayed in view of the fact that the litigation had been virtually abandoned by the corporation with no effort to have the matters in dispute arbitrated. It is stated without contradiction that Medeiros left this country shortly before the trial in the Maryland Drydock case and has manifested no interest in the litigation during the more than two years that have since elapsed, and has taken no steps towards naming an arbitrator or otherwise proceeding with the arbitration. By express provision of the statute, stay of proceedings will be granted only in case 'the applicant for the stay is not in default in proceeding with such arbitration'. 9 U.S.C.A. 3. See Radiator Specialty Co. v. Cannon Mills, 4 Cir., 97 F.2d 318, 117 A.L.R. 299. And see Almacenes Fernandez, S.A. v. Golodetz, 2 Cir., 148 F.2d 625, 161 A.L.R. 1420. The diligence which the statute contemplates as prerequisite to a stay of proceedings is not shown by a mere pleading of the arbitration agreement with nothing more. Since the facts have not been found with respect to this matter, however, we will not pass upon it now, but will leave it for the consideration of the lower court in the further progress of the case if it should then appear material.
 
 
 16
 For the reasons stated, we are of opinion that the judgment dismissing the case in No. 6202 should be reversed, that the appeal in No. 6245 should be dismissed and that in No. 6249 petitioner is entitled to a writ of mandamus directing the District Court to proceed to hear and pass upon the issues in the case in which the appeal in No. 6245 was taken. We assume that it will not be necessary that the writ of mandamus actually issue, as the District Judge will doubtless proceed to pass upon the case in view of our decision herein. Order will be entered that petitioner is entitled to the writ, but the writ will not issue until further order.
 
 
 17
 No. 6202, Reversed and remanded.
 
 
 18
 No. 6245, Appeal dismissed.
 
 
 19
 No. 6249, Mandamus granted.