**INTERNATIONAL FINANCE CORPORATION, Plaintiff,**

v.

**GDK SYSTEMS, INC.**

**and**

**Hogan Systems, Inc., Defendants.**

**Civ. A. No. 88–1740–OG.**

United States District Court, District of Columbia.

April 14, 1989.

Douglas V. Rigler and James W. Schroeder, Kaplan, Russin & Vecchi, Washington, D.C., for plaintiff.

Richard O. Wolf, Morgan, Lewis & Bockius, Washington, D.C., for defendants.

## MEMORANDUM

GASCH, Senior District Judge.

## INTRODUCTION

This case stems from the events surrounding several contracts between plaintiff the International Finance Corporation ("IFC"), an international lending organization, and defendant GDK Systems, Inc. ("GDK"), a New York corporation that performs computer software design, specializing in providing technical and applications expertise in international banking systems. Defendant Hogan Systems, Inc. ("Hogan") is a Delaware corporation with its principal place of business in Dallas, Texas. In approximately May, 1987, Hogan acquired the outstanding stock of GDK and GDK became a wholly-owned subsidiary of Hogan.

IFC filed its original complaint in five counts, alleging (1) fraud, (2) negligent misrepresentation, (3) negligence, (4) breach of contract, and (5) breach of warranty; IFC claimed that the Court had jurisdiction over the action pursuant to 28 U.S.C. § 1332, the federal diversity statute.

Defendants filed a Motion to Dismiss for Failure to State a Claim and to Dismiss Defendant Hogan for Lack of Personal Jurisdiction. At oral argument on defendants' motion to dismiss, defendants' counsel for the first time also raised the issue of whether the Court had subject matter jurisdiction.

On January 18, 1989, the Court denied defendants' motion to dismiss. The Court indicated that it would not consider the issue of subject matter jurisdiction at that time. However, because Rule 12(h)(3) of the Federal Rules of Civil Procedure places the burden of establishing subject matter jurisdiction on the plaintiff, the Court directed the plaintiff to "file a memorandum within ten days clarifying the citizenship of IFC and discussing the statutory and case law governing how the citizenship of an 'international organization' is determined for purposes of 28 U.S.C. § 1332." Court's Order of January 18, 1989.

On January 27, 1989, plaintiff responded by amending its complaint. Plaintiff's amended complaint, which is identical to its original one in all respects except for the jurisdictional and venue allegations, no longer asserts that jurisdiction exists pursuant to 28 U.S.C. § 1332 diversity. Instead, plaintiff now claims that jurisdiction is proper pursuant to 22 U.S.C. § 282f,

which confers original federal subject matter jurisdiction over actions brought by or against the IFC.

On February 10, 1989, defendants filed a Motion to Dismiss the Amended Complaint of Plaintiff for Lack of Subject Matter Jurisdiction ("Motion to Dismiss Amended Complaint"). In this motion, the defendants contend that jurisdiction under 22 U.S.C. § 282f as applied to this case is unconstitutional because it would conflict with Article III, § 2 of the Constitution.

BACKGROUND

The IFC is a major international lending institution which makes development loans in a large number of countries throughout the world. It was established pursuant to "Articles of Agreement" among a number of nations, including the United States. *See* Exhibit B of defendants' Motion to Dismiss Amended Complaint. Its status as an international organization was confirmed by implementing legislation which gives it certain immunities and privileges under United States law and recognizes its legal status. The United States is a major shareholder in the IFC. The Secretary of the Treasury serves as the United States' member Governor of the IFC. *See* 22 U.S.C. § 282a—§ 282i.

DISCUSSION

Plaintiff IFC invokes the jurisdiction of this Court pursuant to 22 U.S.C. § 282f, which provides that:

> any such action at law or in equity to which the [International Finance] Corporation shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action.

■ Defendants, on the other hand, contend that 22 U.S.C. § 282f as applied here is unconstitutional as conflicting with Article III of the Constitution. Specifically, they contend that Section 282f conflicts with Article III, § 2, which provides that Congress may give the federal courts original jurisdiction over:

> all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and, Treaties made, or which shall be made, under their Authority.

Defendants assert that all of plaintiff's claims are founded on state law and that the case does not "arise under" the Constitution, Laws or Treaties of the United States. Certainly, it is true that Congress may not "expand the jurisdiction of the federal courts beyond the bounds established by the Constitution." *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 491, 103 S.Ct. 1962, 1970, 76 L.Ed.2d 81 (1983). Furthermore, recent Supreme Court cases have clarified that a mere jurisdictional statute alone cannot constitute the federal law under which an action arises for Article III purposes. *See id.* at 496, 103 S.Ct. at 1972; *Mesa v. California*, —— U.S. ——, 109 S.Ct. 959, 968, 103 L.Ed. 2d 99 (1989).

■ However, the Court finds defendants' argument that jurisdiction in this case lies outside the boundaries of Article III to be unpersuasive. 22 U.S.C. § 282f is not a mere jurisdictional statute. Rather, it is part of a comprehensive statutory framework designed to implement an international agreement to which the United States is a party and designed to give life to an international organization of which the United States is a member. *See* 22 U.S.C. § 282a—§ 282i. In fact, statutes relating to the IFC are part of an even larger federal scheme, which includes recognition of a number of international organizations, which is designed to further the United States' foreign relations and to promote the United States' participation in international cooperation and commerce.

In the *Verlinden* case, the jurisdictional provision of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1330(a), which grants to the federal courts jurisdiction over suits against foreign sovereigns, was upheld in the face of a similar constitutional challenge. The Supreme Court explained that the jurisdictional provisions of the FSIA are part of a comprehensive scheme in which Congress has exercised its power to regulate foreign commerce. Thus, actions against foreign sovereigns arise under federal law for Article III pur-

poses. *Id.* at 496–97, 103 S.Ct. at 1972. As in the *Verlinden* case, 22 U.S.C. § 282f is also part of a comprehensive statutory scheme related to foreign affairs and commerce.

Furthermore, the IFC's legal status and rights and immunities arise from federal law and the obligations of the United States under an international agreement. The United States is also a shareholder in the IFC. A federal question is thus implicit in every case to which the IFC is a party. For example, the very right of the IFC to enter into contracts, such as the ones in dispute in this case, arises under federal law. *See* Articles of Agreement of the IFC, Art. VI, § 2(i); 22 U.S.C. § 282g (Art. VI, § 2 "shall have full force and effect in the United States.").

In *Osborn v. Bank of the United States,* 9 Wheat. (22 U.S.) 738, 6 L.Ed. 204 (1824), the Supreme Court held that the right of the federally-chartered bank to bring suit in federal court was consistent with Article III. The Court explained that

> [the bank's] power to acquire rights of any description, to transact business of any description, to make contracts of any description, to sue on those contracts, is given and measured by its charter, and that charter is a law of the United States. This being can acquire no right, make no contract, bring no suit, which is not authorized by a law of the United States. It is not only itself the mere creature of a law, but all its actions and all its rights are dependent on the same law.

9 Wheat. (22 U.S.) at 823. In fact, in *Bank of the United States v. Planters' Bank of Georgia,* 9 Wheat. (22 U.S.) 904, 6 L.Ed. 244 (1824), federal court jurisdiction was upheld in a suit by the same bank involving an ordinary commercial contract.

The Fourth Circuit's decision in *International Refugee Organization ("IRO") v. Republic S.S. Corp.,* 189 F.2d 858 (4th Cir.1951), provides the Court with useful guidance. The *IRO* case also dealt with a commercial contract dispute involving an international organization of which the United States was a member and whose existence arose from federal law and the obligations of the United States under an international agreement. The defendant in that case asserted that jurisdiction was not proper. The Fourth Circuit, however, decided that jurisdiction existed, even in the absence of a specific jurisdictional statute such as 22 U.S.C. § 282f. The court noted that if

> a corporation may invoke the federal jurisdiction because created by a law of the United States, an international organization created by treaties to which the United States is a party may invoke the jurisdiction....

189 F.2d at 861. The court also noted that the international organization would likely be entering into commercial contracts and that it would be necessary for the organization to go into court to protect its rights and interests. And the court noted that

> in this country the logical courts for it to go into are the courts of the nation which has adhered to the international organization, not the local courts of the several states which have had no part therein.

*Id.* at 861–62.

Contrary to the defendants' arguments, the *IRO* case did not rest on the premise that a mere jurisdictional statute could independently support Article III jurisdiction. In fact, the court in *IRO* was careful to point out that IRO is similar to the federal bank in the *Osborn* case. *Id.* at 861.

The Supreme Court has never positively determined the exact reach of the Article III "arising under" jurisdiction. *See, e.g., Verlinden,* 461 U.S. at 491 n. 17, 103 S.Ct. at 1970 n. 17 ("we need not consider petitioner's alternative argument that the FSIA is constitutional as an aspect of so-called 'protective jurisdiction.'"). And the Court here need not do so either. For it is enough that, in the present case, jurisdiction is clearly proper within the bounds of Article III.

Accordingly, the Court finds that defendants' motion to dismiss for lack of subject matter jurisdiction must be denied.